WIGGINTON, Judge.
Appellant appeals his departure sentences which exceed the one-cell increase allowed by Florida Rule of Criminal Procedure 3.701(d)(14) for violation of probation or community control. We reverse his sentences and remand for resentencing within the one-cell increase.
In his sentencing departure order, the trial judge related that appellant has an extensive recent history of probation and community control violations, some of which include commission of other crimes, thus indicating that he is not responding to alternative treatment programs and is not amenable to rehabilitation through probation or community control. Thereupon, the court departed more than one cell from the recommended guidelines range of community control or 12 to 30 months and sen *346 tenced appellant to a total of 15 years m prison.
In Lambert v. State, 545 So.2d 838 (Fla.1989), the supreme court clearly expressed its view that more than a one-cell increase for violation of probation is improper. The court explained: Violation of probation is not itself an independent offense punishable at law in Florida; the legislature has chosen to punish conduct underlying the violation of probation by revocation of probation, conviction and sentencing for the new offense, addition of status points when sentencing for a new offense, and a one-cell increase when sentencing for the original offense; if departure based upon probation violation were to be approved, the courts unilaterally would be designating probation violation as an offense greater than that intended by the legislature. In so ruling, the court specifically receded from State v. Pentaude, 500 So.2d 526 (Fla.1987), in which the court had approved departure for violation of probation when the trial judge found that the underlying reasons for the violation were sufficiently egregious and when, as here, the defendant had also committed several violations of probation in a short period of time.
Further, in Ree v. State, 565 So.2d 1329 (Fla.1990), the court stated:
We recently have held that any departure sentence for probation violation is impermissible if it exceeds the one-cell increase permitted by the sentencing guidelines. Lambert, 545 So.2d at 842
[[Image here]]
Again, the court recognized that to depart for violation of probation is impermissible “because it constitutes double dipping” in that the court imposes a departure sentence for probation violation while simultaneously the guidelines automatically aggravate the sentence for the separate offense that constituted the violation. Also in Teer v. State, 557 So.2d 910 (Fla. 1st DCA 1990), similar to the instant case, the defendant had a “repeated, persistent pattern of violating his probation and the violations had occurred within a short period of time.” There, relying on Ree and Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989), the court reversed a departure which was based on the repeated persistent pattern of probation violation and remanded for resen-tencing within the one-cell increase even though the court noted that the trial court’s ground for departure otherwise would have been valid under Williams v. State, 504 So.2d 392 (Fla.1987).
In light of the above opinions, we must reverse the trial judge’s departure sentences in the instant case and remand for resentencing within the one-cell increase allowed by the sentencing guidelines.
ERVIN, J., and WENTWORTH, Senior Judge, concur.