632 So.2d 685 (1994)
Danny R. FENTER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00224.
District Court of Appeal of Florida, Second District.
February 25, 1994.
*686 PER CURIAM.
Danny Fenter appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Regrettably, the motion is not a model of clarity. However, we find that Fenter has set forth a facially sufficient claim that he was led to expect a more lenient sentence than he actually received.[1] Fenter was charged in 1993 with numerous felony offenses. At the time he was on what he describes as "CRD probation" from 1989. The new charges represented a violation of this "CRD probation." Fenter alleges that he was promised the following sentencing arrangement: In the 1993 cases,`he would receive a total of 7 1/2 years in prison, followed by probation and placement in a residential drug program. The sentence for violating his 1989 probation would run concurrently, such that he would not be subject to any additional prison time. However, the sentences have been structured in such a way that Fenter must serve 10 years in prison.[2]
If these allegations are true, Fenter might be entitled to withdraw his plea on the theory he did not receive the sentence he understood he was to get. See, e.g., Chambliss v. State, 579 So.2d 388 (Fla. 2d DCA 1991). Alternatively, if the present sentence structure is merely the result of clerical error, Fenter would be entitled to correction of sentence to reflect the actual intent of the parties at the time of Fenter's plea.
The circuit court's order fails to refute Fenter's claim that his plea agreement was violated. Accordingly, we reverse for further proceedings concerning this issue. After remand the court should re-examine the files and records to determine whether anything therein disproves Fenter's allegations regarding the circumstances of his plea. If so, the court may again deny the motion, attaching to its order the appropriate documentation. Otherwise, an evidentiary hearing may be necessary.
Fenter also appears to believe he is entitled to additional credit against his sentence, based on State v. Green, 547 So.2d 925 (Fla. 1989). We are unable to follow his reasoning on this point. Because this portion of the motion does not sufficiently state a claim for increased credit-time, the circuit court properly denied relief and we affirm as to this issue.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, A.C.J., and THREADGILL and LAZZARA, JJ., concur.
NOTES
[1] Fenter's motion is styled "motion to correct sentence." Ordinarily such motions are governed by Fla.R.Crim.P. 3.800(a), the scope of which is relatively narrow. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1992). Fenter's motion raises at least one issue more appropriate for rule 3.850. However, the courts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so. See, e.g., DeSantis v. State, 400 So.2d 525 (Fla. 5th DCA 1981). Accordingly, we have chosen to address the merits of Fenter's motion, which we note was submitted under oath. This is without prejudice to the state, after remand, to assert any objections to proceeding as if a 3.850 motion had been filed.
[2] As best we can determine, Fenter contends that he received five years for Count I in the 1993 case, followed by 2 1/2 years for Count II. In the 1989 case he received a separate five-year term which was supposed to be concurrent with Count I but is actually concurrent with Count II and consecutive to Count I. Because of this, in Fenter's words, the 1989 sentence "overrides" the 1993 sentence and extends his total period of confinement to 10 years.