ERVIN, Judge.
Appellant, Walter Harris, Jr., appeals from an order denying his motion to correct illegal sentence, filed under Florida Rule of Civil Procedure 3.800(a). We reverse because the trial court erred in summarily denying appellant’s motion, since the record shows that the sentencing court exceeded the one-cell bump-up permitted for violations of probation.
Harris pled guilty to grand theft in 1990 and was sentenced to probation. He was arrested the following year and was found guilty of violating probation. His total score on his guideline seoresheet was 45 points, which resulted in a recommended sentence of community control or 12 to 30 months’ incarceration. The trial court was authorized to bump his sentence up one cell, which would result in a recommended range of 2⅜ to 3½ years in prison, or a permitted range of community control or of one to four and one-half years in prison. The court instead sentenced Harris to five years in prison, stating as its reason for departure: “One cell bump for VOP; sentence concurrent with sentence from Tampa.” This was error. Ree v. State, 565 So.2d 1329 (Fla.1990); Lambert v. State, 545 So.2d 838 (Fla.1989); Porter v. State, 579 So.2d 345 (Fla. 1st DCA 1991).
Harris properly raised this issue via motion to correct illegal sentence, because the improper two-cell bump-up appears on the face of the seoresheet. See and compare Nowlin v. State, 639 So.2d 1050, 1051-52 (Fla. 1st DCA 1994) (quoting Brown v. State, 633 So .2d 112 (Fla. 2d DCA 1994)), for proposition that illegal sentences are those which appear on the face of the record and can be easily cured on direct appeal); Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991) (en banc) (“[SJcoresheet errors that are not apparent from the face of the seoresheet may result in an erroneous sentence correctable on direct appeal, but not on a motion pursuant to rule 3.800(a).”), review denied, 613 So.2d 5 (Fla.1992). Appellant did not enter into a plea agreement with the state; therefore, the case does not require any factual determination. Cf. Rouse v. State, 601 So.2d 281 (Fla. 1st DCA) (claim that sentence exceeded one-cell bump-up could not be raised under rule 3.800(a), when sentence was imposed based upon plea bargain pursuant to nolo plea), review denied, 604 So.2d 487 (Fla. 1992).
REVERSED and REMANDED.
MINER and WOLF, JJ., concur.