667 So.2d 905 (1996)
Ray A. OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2843.
District Court of Appeal of Florida, Fourth District.
February 7, 1996.
Ray A. Owens, Marianna, pro se appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Ray A. Owens, appeals from an order denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We reverse and remand for resentencing.
Appellant was charged with and pled nolo contendere in 1992 to the charges of possession of a controlled substance and sale and delivery of cocaine. At the time, his scoresheet showed a recommended sentencing range of two and one-half years to three and one-half years in prison and a permitted range of community control or one to four and one-half years in prison. He was sentenced to one year in county jail, suspended, one year of community control on both counts, each to run concurrent, and to four years' probation on each count, each to run concurrent but consecutive to the community control.
In 1994 appellant was charged with and pled guilty to violation of probation and was sentenced to five years in prison on count I and to ten years in prison on count II, concurrent with each other. At the time of the sentencing, appellant's scoresheet reflected a recommended sentencing range of three and one-half years to four and one-half years in prison and a permitted sentencing range of two and one-half years to five and one-half years in prison. The scoresheet further reflected "w/5 bumps up to 12-27 years [on one count] and up to 17 years [on one count]."
Appellant takes the position that his sentence was illegal because it was based on a *906 five-cell bump up from the guidelines when he should have had only a two-cell bump up based on the two violations of probation. The scoresheet correctly reflects a recommended sentencing range of three and one-half years to four and one-half years and a permitted sentencing range of two and one-half years to five and one-half years in prison, a permitted two-cell bump up. The scoresheet also contained the language "w/5 bumps up to 12-27 years [and] up to 17 years."
It is apparent from the face of the scoresheet the trial court erred in sentencing the appellant to five years in prison on count I and ten years in prison on count II, a five-cell bump up. Because the erroneous calculation on the face of the scoresheet is an error apparent on the face of the record, it is reviewable under a rule 3.800 motion. See Harris v. State, 659 So.2d 345 (Fla. 1st DCA 1995).
We reject appellant's other sentencing challenges as lacking merit.
Reversed and remanded for resentencing.
POLEN, KLEIN and SHAHOOD, JJ., concur.