705 So.2d 945 (1998)
Johnny F. GLANTON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 97-2019.
District Court of Appeal of Florida, First District.
January 12, 1998.
*946 No brief filed for Appellant.
No brief filed for Appellee.
MICKLE, Judge.
Appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
On April 16, 1990, appellant was convicted of two counts of burglary and was sentenced to four years in prison (Count I) followed by three years of probation (Count II). He completed service of the prison term and began serving probation. He subsequently violated probation and, on April 21, 1993, was sentenced on Count II to two years of community control. Thereafter, he violated community control and, on October 10, 1995, was sentenced again to two years of community control, followed by one year of probation. He again violated community control and, on May 7, 1996, community control and probation were revoked and he was sentenced on Count II to eight years in prison.
In his rule 3.800 motion, he challenges the legality of his 1995 and 1996 sentences in several respects. The lower court correctly denied all of the claims specifically addressed in its order denying relief. However, the lower court failed to address appellant's claim that the 1996 sentence exceeds the three-cell bump up permitted for the violations of probation. The record on appeal includes what appears to be a copy of the original guidelines scoresheet, with handwritten notations inscribed apparently for the purpose of calculating the sentence to be imposed upon the third violation of probation in 1996. The original total point score was 74, calling for a recommended sentencing range of 2½3½ years of incarceration and a permitted range of community control or 1 4½ years of incarceration (utilizing a 1989 Category 5 scoresheet form).[1] A three-cell bump for the three violations of probation calls for a recommended range of 5½7 years of incarceration and a permitted range of 4½9 years of incarceration. The 8-year sentence imposed herein falls within this permitted range. However, it appears to us from our reading of the handwritten notations on the guidelines scoresheet that the trial court did indeed begin its bump-up count from a range one cell higher than the original cell, to wit: from the 91-106 point range rather than the 72-90 point range. The incorrect calculation placed appellant in the range of 7-9 years of incarceration; the correct three-cell bump-up range on the guidelines sheet used by the court would have been 5½7 years of incarceration. The 8-year prison term imposed would not have fallen within the correct range on the sheet used by the trial court.
If a sentence correction brought about by a guideline calculation error results in a lower cell, reconsideration of the sentence is required even if, after the reduction, the sentence lies in the permitted range. See e.g., Baldwin v. State, 679 So.2d 1193 (Fla. 1st DCA 1996); Terrell v. State, 668 So.2d 656 (Fla. 2d DCA 1996). Because the erroneous scoresheet calculation herein is apparent on the face of the record, it is reviewable under a rule 3.800 motion. See Owens v. State, 667 So.2d 905 (Fla. 4th DCA 1996); Harris v. State, 659 So.2d 345 (Fla. 1st DCA 1995).
As it appears to us from our reading of the scoresheet included in the record that the sentence imposed falls outside the permissible bump-up range, we must reverse and remand for resentencing utilizing a properly calculated scoresheet. If it is determined that appellant's sentence does indeed fall within a higher range than permitted, appellant must be resentenced within the *947 proper range. If, however, upon consideration of the record below (including any portions thereof not included in the instant record on appeal), the lower court is able to determine that the 1996 guidelines calculation was proper, and again denies appellant's motion, it must attach those portions of the record conclusively refuting appellant's claim.
In all other respects, the order denying relief is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED with directions.
WEBSTER and BENTON, JJ., concur.
NOTES
[1] The original offense was committed on July 2, 1989.