719 So.2d 39 (1998)
Mary RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02389.
District Court of Appeal of Florida, Second District.
September 23, 1998.
*40 PER CURIAM.
Mary Richardson appeals the summary denial of her motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied Richardson's motion on the basis that it was untimely filed because it addressed a conviction that became final in 1988. The trial court attached copies of the 1988 judgment and sentences to its order. We affirm in part and reverse in part.
Richardson was convicted in 1988 of racketeering, conspiracy to commit racketeering, and conspiracy to traffic in illegal drugs. She was sentenced to five years in prison, followed by ten years' probation, all pursuant to a negotiated plea. She did not appeal this judgment and sentence. In 1990, she violated her probation. Her present motion challenges the conviction and sentence which the trial court imposed in 1990 for this violation of probation.
We agree with the trial court that most of Richardson's claims are untimely raised. See Fla. R.Crim. P. 3.850(b). Therefore, with one exception explained below, we affirm the trial court's order under review.
Richardson raises a claim relating to scoresheet calculations which may be raised at any time under Florida Rule of Criminal Procedure 3.800(a). See, e.g., Glanton v. State, 705 So.2d 945 (Fla. 1st DCA 1998)(stating that erroneous scoresheet calculation was apparent from the face of the record and therefore correctable under rule 3.800(a)). Even though Richardson styled her motion as having been brought via rule 3.850, it would be in the interest of justice to treat any claims cognizable under rule 3.800(a) as having been raised in such a motion. See DeSantis v. State, 400 So.2d 525 (Fla. 5th DCA 1981); Fenter v. State, 632 So.2d 685 (Fla. 2d DCA 1994).
There is nothing attached to the order under review that refutes Richardson's claim that the trial court used an incorrectly calculated scoresheet when sentencing her for the violation of probation in the 1988 case. Accordingly, we remand this cause for the trial court to examine this particular claim. If the trial court determines that it is without merit, it shall attach to its order of denial the relevant portions of the record which support its conclusion.
Affirmed in part, reversed in part, and remanded for further proceedings.
CAMPBELL, A.C.J., and FULMER and CASANUEVA, JJ., concur.