ALTENBERND, Acting Chief Judge,
Concurring.
I fully concur in the affirmance of the trial court’s order summarily denying this motion. I am not convinced, however, that Richardson has any right to file yet another postconviction motion. In 1988, she was sentenced on a plea of guilty to five years’ imprisonment, followed by ten years’ probation. There is no question that the written sentence was a probationary split sentence.
In 1990, she was sentenced on a violation of probation to twenty-five years’ imprisonment. She appealed that sentence and it was affirmed. See Richardson v. State, 619 So.2d 963 (Fla. 2d DCA 1993). In 1998, she filed a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.860. In this motion, she claimed, among other things, that the trial court breached her plea agreement when it sentenced her to twenty-five years. She did not claim that there was any discrepancy between the oral pronouncement and written sentence. The trial court denied her motion and we affirmed except as to a claim that a scoresheet was incorrectly calculated. See Richardson v. State, 719 So.2d 39 (Fla. 2d DCA 1998).
Now she argues that her 1988 sentence was supposed to be a true split sentence when it was orally imposed and, thus, the 1990 sentence is illegal because it cannot exceed the length of the remainder of the true split sentence. Obviously, this is an issue that could have been raised on appeal from the 1988 sentence, or raised at sentencing in 1990, or in the direct appeal from the 1990 sentence. She could have raised this issue in a timely rule 3.850 motion, although the particular motion she did file was untimely.
I agree with Judge Parker’s dissent in Dawson/Knapp v. State, 698 So.2d 266 (Fla. 2d DCA 1997). Although the oral pronouncement of sentence must trump the written sentence on direct appeal and on a motion filed pursuant to rule 3.850, there is a point at which we should rely exclusively upon the written record. There is no allegation in this ease that the trial court’s record contains any written plea agreement from 1988 that conflicts with the written sentence. I see no reason why the trial court should be required to seek out the court reporter and transcribe a twelve-year-old hearing to resolve a motion filed pursuant to rule 3.800(a). The written sentence in 1988 was unquestion *2 ably a probationary split sentence and was lawful on its face. The 1990 sentence is also lawful on its face. The time to challenge either legal written sentence has expired. My conclusion is only strengthened by the fact that Richardson neglected to mention this alleged discrepancy in the one prior postconviction motion she has already filed.