793 So.2d 60 (2001)
Heldrado A. ZULUAGA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4619.
District Court of Appeal of Florida, Fourth District.
July 18, 2001.
Rehearing Denied September 24, 2001.
*61 Jose R.E. Batista of Batista & Batista, P.A., Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez Orosa, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Heldrado Zuluaga appeals the summary denial of his postconviction motion.[1] He entered into a plea agreement under which sentencing was deferred. The agreement provided that, if he failed to appear at the sentencing hearing, he would be sentenced in absentia to thirty years, with a fifteen-year minimum mandatory term and a fine. Zuluaga failed to appear and was sentenced in absentia. He was apprehended and was returned to court for a brief hearing during which the sentence was orally pronounced.
Florida Rule of Criminal Procedure 3.180(c) permits sentencing in absentia if the defendant "voluntarily absents himself or herself from the presence of the court without leave of court." The court made no finding that Zuluaga's absence was voluntary, either at the original sentencing hearing or when the sentence was orally pronounced. We reverse the denial of the postconviction motion and remand for the trial court to conduct such further proceedings as are necessary to make that determination.[2] If the court concludes that Zuluaga voluntarily absented himself from the proceedings within the meaning of rule 3.180(c), resentencing will not be required.
STONE, STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] Zuluaga's motion was filed pursuant to leave granted by this court in the order dismissing his direct appeal. We reach no conclusion about whether in another case the time for filing under Florida Rule of Criminal Procedure 3.850(b) would begin to run from the date of the original sentencing or from the date that the defendant is remanded into custody.
[2] We affirm the finding that Zuluaga was not entitled to relief on his claim that his plea was involuntary. The transcript of the change of plea hearing conclusively refuted his claim that he was misadvised about the sentence that could be imposed under the plea agreement.