CONFESSION OF ERROR

PER CURIAM.
Wilbur Singletary (“defendant”) appeals the trial court’s judgment and sentence. We reverse.
*852 The defendant accepted a negotiated plea on an unrelated case, lower court case number, F01-28369, agreeing to a deferred sentence of five years that would be mitigated to 364 days upon his surrender from a furlough. The trial court stated that upon his surrender, the defendant would also be sentenced concurrently on the instant case, F01-33410. However, the State had not yet filed the information on the present case.
The defendant did not show up to surrender from his furlough because he had been arrested on a third case. The State filed the information in the instant case and the trial court issued an alias capias for his arrest. The court also entered a commitment order on case number F01-28369. When the defendant subsequently appeared in court, the trial court sentenced him to five years on case number F01-28369, and denied his motion to mitigate the sentence. The State then offered the defendant a concurrent five year sentence on the present case. The defendant turned down the offer and requested a trial.
A year later, the trial court sentenced the defendant in absentia to a five year prison term. The sentencing order was entered on November 22, 2002. The judgment and sentence were never pronounced in court and the transcript from November 22, 2002 does not reflect a plea colloquy or sentencing hearing.
The State correctly concedes a defendant can not be sentenced in absentia for a felony unless he voluntarily absented himself from the hearing. See Zuluaga v. State, 793 So.2d 60 (Fla. 4th DCA 2001)(re-mand required to determine if defendant voluntarily absented himself from hearing where he was sentenced in absentia); Leone v. State, 643 So.2d 1198 (Fla. 5th DCA 1994)(rule that defendant charged with a misdemeanor may be tried in absen-tia does not apply to defendant charged with a felony).
Accordingly, we reverse and remand for a hearing to determine whether the defendant knowingly, intelligently and voluntarily agreed to waive his presence and enter a plea in absentia. If the court concludes that the defendant did not voluntarily enter into this plea, the defendant should be given the opportunity to withdraw his plea.
Reversed and remanded with instructions.