909 So.2d 424 (2005)
Amos D. EVANS, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1295.
District Court of Appeal of Florida, Fifth District.
August 19, 2005.
*425 Amos D. Evans, Sr., Lake Butler, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Amos D. Evans, Sr. appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Evans was tried and convicted of unlawful sexual activity with a minor and sentenced as a prison releasee reoffender (PRR) to fifteen years in prison. His conviction was affirmed on appeal. See Evans v. State, 851 So.2d 178 (Fla. 5th DCA 2003). Evans then filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, contending that he did not qualify for PRR treatment. The trial court agreed, struck the PRR designation and left Evans's fifteen-year prison sentence intact. We conclude that one issue raised by Evans, his failure to be present at resentencing, merits discussion.
We first address whether the alleged error is cognizable in a rule 3.850 motion. Arguably, Amos could have appealed the order striking the PRR designation and reaffirming his fifteen year sentence. Nonetheless, rule 3.850(a)(1) provides that postconviction relief can be granted on sentences imposed in violation of the United States or Florida Constitution. As the court in Jackson v. State, 767 So.2d 1156 (Fla.2000), explained, a defendant's most basic constitutional rights include the right to be present at every critical stage of the proceeding. The imposition of a sentence is a critical stage at which a defendant is entitled to be present. See Capuzzo v. State, 596 So.2d 438 (Fla.1992). Consequently, we conclude *426 that this issue can be raised in a rule 3.850 motion.
On the merits, Evans alleges that his trial counsel did not offer mitigating evidence at his original sentencing based on the erroneous belief that a PRR sentence was mandatory. Evans asserts that there is mitigating evidence that could have been presented. Consequently, we conclude that this is not a case where resentencing was only a ministerial act, and, thus, the trial court should have permitted Evans to be present at sentencing, represented by counsel, with an opportunity to present mitigating evidence.
We reverse this matter for resentencing with Evans present, represented by counsel, and that he be given an opportunity to present mitigating evidence. In all other respects, we affirm the trial court's denial of Evan's postconviction motion.
AFFIRMED IN PART; REVERSED IN PART.
PLEUS, C.J. and GRIFFIN, J., concur.