MONACO, C.J.
 

 Douglas Hugh Blair did not appear for the second day of his trial for DUI with serious bodily injury. At the end of the first day of trial, the court instructed the jury and parties that court would reconvene the following morning at 9:30 a.m., but indicated that the attorneys were to be present at 8:45 a.m. When Mr. Blair failed to appear for trial on the following morning, the trial judge inquired regarding his absence. The court clerk indicated
 
 *47
 
 that she had not heard from Mr. Blair, and defense counsel said that although he called Mr. Blair’s phone, he got only a voicemail. The judge decided to proceed with trial.
 

 Later in the morning defense counsel received an instant message from his secretary saying that Mr. Blair was in a hospital. No other details were received. The trial court decided to proceed, and denied a request to advise the jury of the message. After lunch, but before closing arguments, defense counsel said he tried to find further information regarding the hospital referred to in the instant message and tried again to reach his client by phone. He was unsuccessful in both efforts. The trial judge then stated:
 

 All right. And this morning I told you we were going forward. I think he was officially scheduled to be back at 9:30. I told you all to get back a little bit earlier than that so you could go over jury instructions. He wasn’t here. When we started back up, it was about 10:05 when I brought the jury back in. We waited 35 minutes. And my observations of him yesterday led me to believe that he was voluntarily absenting himself, because he didn’t look happy about how the trial was progressing.
 

 So he knew to be back. And whether you can prove anything about the hospital, that’s a whole other issue for another day. But I did tell you that we’re going forward without his presence if he wasn’t here. And we waited 35 minutes. I thought that was reasonable under the circumstances. We had witnesses ready to go.
 

 So your objection is duly noted.
 

 The jury found Mr. Blair guilty of the lesser included misdemeanor offense of DUI with personal injury, and the court proceeded to sentencing immediately. After the State presented information concerning Mr. Blair’s prior criminal record, the defense offered only that Mr. Blair was a member of the Fraternal Order of Eagles. The court sentenced Mr. Blair to 364 days in county jail and other associated DUI punishments.
 

 Mr. Blair moved for a new trial contending that he was not willfully absent from trial because he was in a hospital. He attached to the motion a fax from Osceola Regional Medical Center indicating that he was a patient and was admitted on the date corresponding to the second day of trial. After the trial court denied the motion without comment and without hearing, Mr. Blair appealed.
 

 Among a criminal defendant’s most basic constitutional rights is the right rooted in the Confrontation Clause of the Sixth Amendment to be present at every critical stage of a criminal proceeding.
 
 See Evans v. State,
 
 909 So.2d 424 (Fla. 5th DCA 2005)(citing
 
 Jackson v. State,
 
 767 So.2d 1156 (Fla.2000));
 
 see also United States v. Gagnon,
 
 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985);
 
 Francis v. State,
 
 413 So.2d 1175 (Fla.1982),
 
 receded from on other grounds by Muhammad v. State,
 
 782 So.2d 343, 352 n. 4 (Fla.2001). In Florida we have set forth these critical stages in rule 3.180, Florida Rules of Criminal Procedure. Trial and sentencing procedures are, of course, among the critical stages at which a defendant is entitled to be present.
 
 Id.; see also
 
 Fla. R. Civ. P. 3.180(a)(l)-(9). It has been held, however, that this right can be waived.
 
 See Capuzzo v. State,
 
 596 So.2d 438, 439-40 (Fla.1992). In this connection rule 3.180(c)(l)-(2), Florida Rules of Criminal Procedure, states, in pertinent part:
 

 (c) Defendant Absenting Self.
 

 (1)
 
 Trial.
 
 If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or be
 
 *48
 
 fore the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of court, or is removed from the presence of the court because of his or her disruptive conduct during the trial, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of the case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.
 

 (2)
 
 Sentencing.
 
 If the defendant is present at the beginning of the trial and thereafter absents himself or herself as described in subdivision (1), or if the defendant enters a plea of guilty or no contest and thereafter absents himself or herself from sentencing, the sentencing may proceed in all respects as though the defendant were present at all times.
 

 A defendant’s waiver of the right to be present may either be express or implied from the defendant’s voluntary absence.
 
 Capuzzo,
 
 596 So.2d at 439-40. Generally, however, any error in denying a defendant his or her right to be present at a critical stage of any proceeding is fundamental error.
 
 Orta v. State,
 
 919 So.2d 602, 604 (Fla. 3d DCA 2006) (citing
 
 Dougherty v. State,
 
 785 So.2d 1221, 1223 (Fla. 4th DCA 2001)). The issue presented in circumstances involving purported violations of rule 3.180 is whether fundamental fairness has been thwarted which determines “whether the error is reversible.”
 
 Pomeranz v. State,
 
 703 So.2d 465, 471 (Fla.1997);
 
 see also Johnson v. State,
 
 750 So.2d 22, 28 (Fla.1999).
 

 We find no fault with the trial court’s handling of the absence of the appellant from the trial. It was Mr. Blair’s burden to demonstrate that his absence from trial was involuntary, and his counsel’s unsworn representation concerning the instant message he had received would not meet that burden.
 
 See Wallen v. State,
 
 932 So.2d 493 (Fla. 4th DCA 2006). The motion for rehearing with the attached letter from the hospital, however, at least marginally does meet the burden. We think, therefore, that Mr. Blair was at least entitled to an evidentiary hearing on his motion.
 

 We come to this conclusion because the record, including the motion and attachment, still does not establish whether Mr. Blair’s absence from trial was voluntary or involuntary. The hospital letter concerning his admission does not indicate for what condition he was admitted, nor how long he was there. In
 
 Miller v. State,
 
 833 So.2d 318 (Fla. 2d DCA 2003), our sister court in the Second District determined that the trial court erred when it conducted a restitution hearing in the absence of the defendant. There, the defendant’s counsel represented that the defendant was bedridden and awaiting surgery at an area hospital and the State presented nothing to contradict that assertion.
 
 Id.
 
 at 319. Because the Second District concluded that the record did not demonstrate that the defendant voluntarily absented herself from the restitution hearing, it reversed.
 
 Id.
 

 The same problem is presented here. We do not know why Mr. Blair was admitted or for what purpose. We do not know if the condition that caused the admission was self induced or naturally occurring. It seems to us, therefore, that the fair and proper resolution of this case is to reverse the order denying the appellant’s motion for new trial, and to remand this matter to the trial court with instructions to conduct an evidentiary hearing to determine
 
 *49
 
 whether Mr. Blair’s absence was voluntary or involuntary. Accordingly, we do so.
 

 REVERSED and REMANDED with instructions.
 

 SAWAYA and PALMER, JJ., concur.