PER CURIAM.
Destin Turner appeals from an order denying his motion for postconviction relief. We reverse and remand for further proceedings.
On January 15, 1997, the appellant was convicted after a jury trial of attempted carjacking and second-degree murder. He was sentenced to 60 months on probation for attempted carjacking and to 453 months in prison followed by 60 months on probation for second-degree murder. Subsequently, following a successful motion pursuant to Florida Rule of Criminal Procedure 3.800, the appellant was resen-tenced to 274.4 months in prison followed by 5 years on probation for attempted carjacking and to 5 years on probation for second-degree murder.
On June 15, 2011, the appellant filed the instant motion pursuant to rule Florida Rule of Criminal Procedure 3.850,[1] claiming that his combined incarcerative sentence and probationary sentence exceed the statutory maximum for the offense of attempted carjacking. The trial court denied the motion, erroneously stating that the appellant’s sentence of 274.4 months in prison followed by 5 years on probation had been imposed as to the second-degree murder charge and therefore was within *533 the applicable statutory maximum.[2]
However, the appellant’s claim has merit. Attempted carjacking is a second-degree felony subject to a sentence of up to 15 years in prison. See §§ 812.133(2)(b); 777.04(4)(a); 775.082(3)(c), Fla. Stat. (1996). The written judgment reflects that the sentence of 274.4 months in prison followed by 5 years on probation was imposed for this offense, for a total sentence of over 27 years.
On appeal, the state agrees that the total sentence exceeds the statutory maximum for attempted carjacking and suggests that it was caused by a scrivener’s error which inadvertently transposed the two sentences. However, nothing in the record before this Court reflects the intent of the sentencing court in this regard.
Accordingly, we reverse and remand for the trial court to attach record portions conclusively demonstrating that the appellant’s sentence is the result of a scrivener’s error or to resentence the appellant to a legal sentence.
REVERSED and REMANDED.
CLARK, MARSTILLER, and SWANSON, JJ„ concur.

. The appellant’s motion would be untimely if considered pursuant to rule 3.850, which requires claims to be brought within two years of the movant’s judgment and conviction becoming final. However, a court may treat the claim as if raised pursuant to rule 3.800 when it is in the interest of justice to do so. Richardson v. State, 719 So.2d 39, 40 (Fla. 2d DCA 1998). The appellant’s claim that his aggregate sentence exceeds the statutory maximum is cognizable under rule 3.800. See Hughes v. State, 667 So.2d 910, 911 (Fla. 4th DCA 1996). Therefore, the appellant’s claim is properly treated as if brought pursuant to this rule.

. The court also asserted that the instant motion was barred, as the appellant had previously raised a similar claim which was denied on the merits and not contested on appeal. However, here the application of a procedural bar would work a manifest injustice, as the appellant’s claim is meritorious. See State v. Akins, 69 So.3d 261, 268 (Fla.2011) (finding that a claim that had previously been denied on the merits and affirmed on appeal was not barred by collateral estoppel or the law of the case doctrine where it was meritorious). Further, neither the motion nor the order concerning the previous claim is included in the record on appeal.