NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

REGINALD MONTRE JACKSON,  )
                          )
    Appellant,            )
                          )
v.                        )    Case No.   2D13-2252
                          )
STATE OF FLORIDA,         )
                          )
    Appellee.             )
_____)

Opinion filed August 8, 2014.

Appeal from the Circuit Court for
Hillsborough County; Gregory P.
Holder, Judge.

Howard L. Dimmig, II, Public Defender,
and Megan Olson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa,
for Appellee.

KELLY, Judge.

        Reginald Jackson appeals from his judgments and sentences for grand

theft and criminal mischief.  He argues that the trial court abused its discretion in

summarily denying his motion for a reduction or modification of his sentences for grand

theft without holding a hearing to allow Jackson to present evidence that his absence from the sentencing hearing was involuntary.[1]  We agree and reverse.

Jackson entered open guilty pleas to charges filed in two cases with the understanding that he would be placed on concurrent two-year terms of community control followed by two years of probation.  The judge accepted Jackson's guilty pleas and delayed sentencing on the condition that Jackson refrain from committing any new offenses and that he appear for sentencing at 8:30 a.m. on the designated day.  Jackson was warned that if he failed to appear he could be sentenced to as much as ten years in prison.  When Jackson did not appear at the scheduled time, the judge sentenced Jackson in his absence to two years in prison followed by three years of probation in each case.  Within an hour of the sentences being imposed, Jackson called the judge's chambers to report that he had failed to appear because of a medical emergency.  Jackson also filed a motion for modification of sentence under Florida Rule of Criminal Procedure 3.800(c) and attached a document evidencing his presence at a hospital on the date of sentencing.  The judge denied the motion without a hearing.

As Jackson argues on appeal, a defendant has a right to be present at all critical stages of his trial and cannot be sentenced in absentia for a felony unless he voluntarily waived his presence at the hearing.  See Miller v. State, 833 So. 2d 318, 319 (Fla. 2d DCA 2003); Singletary v. State, 870 So. 2d 851, 852 (Fla. 3d DCA 2003).  The

_____

[1]The State contends that an order denying a motion to reduce or modify sentence is not an appealable order, citing Spaulding v. State, 93 So. 3d 473 (Fla. 2d DCA 2012), review denied, 114 So. 3d 181 (Fla. 2013), and argues that this court lacks jurisdiction to hear an appeal of that order.  However, because Jackson filed a timely notice of appeal of his judgments and sentences after the court denied the motion to modify sentence, this court has jurisdiction to entertain an appeal of the judgments and sentences.

burden is on the defendant, after his apprehension or appearance, to establish that his failure to appear was not voluntary. <u>Wallen v. State</u>, 932 So. 2d 493, 493 (Fla. 4th DCA 2006).

Jackson attached documentation to his motion to modify or reduce sentence to support his allegation that his absence was not voluntary, but the judge summarily denied his motion without giving Jackson the opportunity to present his evidence. This was error. <u>See</u> <u>Blair v. State</u>, 25 So. 3d 46, 48 (Fla. 5th DCA 2009) (holding that further proceedings were required for the trial court to determine whether the defendant's absence was voluntary or involuntary); <u>Zuluaga v. State</u>, 793 So. 2d 60, 61 (Fla. 4th DCA 2001) (remanding for a hearing to determine if the defendant's absence was voluntary and for resentencing if the court found that it was not).

Although Jackson's telephone call to the judge's chambers on the morning of sentencing may have been insufficient by itself to warrant a hearing regarding Jackson's absence from court, the document from the hospital substantiated his claim and merited a hearing on the issue. <u>See</u> <u>Blair</u>, 25 So. 3d at 48. Accordingly, we remand this case to the trial court for an evidentiary hearing to determine if Jackson's absence from his sentencing hearing was voluntary or involuntary. If the trial court determines that Jackson's absence was involuntary, Jackson must be resentenced.

Reversed and remanded for further proceedings.

ALTENBERND and LaROSE, JJ., Concur.

- 3 -