NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SAMUEL C. HILLIARD, DOC #493455,       )
                                        )
            Appellant,                  )
                                        )
v.                                      )       Case No. 2D13-5910
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____ )

Opinion filed July 10, 2015.

Appeal from the Circuit Court for
Hillsborough County; Gregory P. Holder,
Judge.

Howard L. Dimmig, II, Public Defender;
Lynda Beth Barack, Special Assistant
Public Defender; and Lisa B. Lott, Assistant
Public Defender (substituted as counsel of
record), Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


ALTENBERND, Judge.

            Samuel Cornel Hilliard appeals his judgments and sentences for delivery

of cocaine, possession of cocaine, and possession of paraphernalia.  The trial and

sentencing hearing were conducted in Mr. Hilliard's absence.  We conclude that the trial

court erred in summarily denying a motion following sentencing that challenged whether his absence was voluntary. As we did in Jackson v. State, 144 So. 3d 658 (Fla. 2d DCA 2014), we remand this case for an evidentiary hearing on the motion to determine the factual issue of whether his absence from both his trial and sentencing hearing was voluntary or involuntary.

Mr. Hilliard was charged with these offenses in May 2013 within about six months of his release from prison for other offenses. His trial was first set for September 16, 2013. He did not appear and a capias was issued. On September 17, he filed a motion to withdraw the capias, in which he stated that his failure to appear was not willful but was due to his admission to Northside Mental Health Center on September 13. A letter from his case manager was attached to his motion and explained that as of September 16, Mr. Hilliard had not been discharged. His trial was continued and rescheduled for October 28, 2013.

Mr. Hilliard attended jury selection as scheduled on October 28. On that day, the trial court ordered him to appear for trial on October 31, 2013, and advised him that the trial could continue in his absence if he did not appear. Mr. Hilliard failed to appear for trial on October 31, 2013. Mr. Hilliard's attorney informed the trial judge that he had not heard from him and did not know where he was. The judge commented on the record that while he did not know whether something had happened to Mr. Hilliard or why he had not appeared, the court had warned Mr. Hilliard that his trial could continue in his absence and thus it would. The trial proceeded without Mr. Hilliard, and he was convicted as charged that same day. The trial court immediately sentenced Mr.

Hilliard in absentia to concurrent sentences, the longest of which is fifteen years' imprisonment.

On November 15, 2013, Mr. Hilliard was arrested for failure to appear. On November 22, 2013, Mr. Hilliard's attorney filed a motion in which he represented that Mr. Hilliard did not appear for trial on October 31 because he was hospitalized that day at Tampa General Hospital and subsequently transferred to Memorial Hospital under the Baker Act. Mr. Hilliard apparently had been released from the hospital on November 1. Mr. Hilliard's attorney supported his motion with a copy of the medical records from this hospitalization. Neither the motion nor the record explains Mr. Hilliard's whereabouts for the two weeks following his release from the hospital. The trial court summarily denied this motion.[1]

Among a defendant's most basic constitutional rights is the right to be present at all critical stages of his criminal proceeding, including trial and sentencing. Illinois v. Allen, 397 U.S. 337, 338 (1970). It is possible, however, to waive this right. See id. at 339-47; see also Blair v. State, 25 So. 3d 46, 47 (Fla. 5th DCA 2009). Florida Rule of Criminal Procedure 3.180(c) accordingly provides that a defendant's trial and sentencing can proceed when the defendant is present at the beginning of trial but thereafter "voluntarily absents himself or herself." Fla. R. Crim. P. 3.180(c)(1)-(2).

---

[1]As was the case in Jackson v. State, 144 So. 3d 658, 659 n.1 (Fla. 2d DCA 2014), Mr. Hilliard filed the motion prior to the direct appeal and titled the motion as one to reduce or modify sentence under Florida Rule of Criminal Procedure 3.800(c). This is an odd choice of rules to use for this motion, but because this motion was filed outside of the time period allowed for a motion for new trial, see Fla. R. Crim. P. 3.590(a), there may have been no other alternative vehicle with which to raise the issue. Given the important constitutional right in question, there is no doubt that Mr. Hilliard was entitled to raise and obtain a ruling on this issue of the voluntariness of his absence at this stage in the proceedings so that it could be reviewed on this direct appeal.

Once a defendant appears for the commencement of trial but is thereafter absent, it is the defendant's burden to demonstrate to the trial court that his or her absence was involuntary. See Jackson, 144 So. 3d at 659; Blair, 25 So. 3d at 48.

Here, the trial court did not err by proceeding with the trial and sentencing without Mr. Hilliard where Mr. Hilliard had appeared for jury selection and was warned that his trial could continue without him if he did not thereafter appear. It did err, however, in summarily denying Mr. Hilliard's motion without granting him an evidentiary hearing to determine whether his absence was voluntary or involuntary. See Jackson, 144 So. 3d at 659-60; Blair, 25 So. 3d at 48-49. The submission of his hospital records, which showed that he was admitted to Tampa General on the day of trial with serious mental health symptoms, was enough to warrant a hearing on the matter.

We reject the State's argument that because Mr. Hilliard's medical records reflect that he admitted himself to Tampa General on the day of trial, the record conclusively shows that his absence from trial and sentencing was voluntary. It is entirely possible that a criminal defendant with legitimate mental health issues could voluntarily seek medical treatment that would render him involuntarily unavailable for trial. Certainly, if Mr. Hilliard had voluntarily admitted himself to the hospital due to a stroke or heart attack, the State would not make this argument. Mental illness in some instances can be as debilitating as other serious illnesses.

For this same reason, while we recognize that Mr. Hilliard's absence from his initial trial date in September and the similar circumstances surrounding it may make the nature of his second absence more suspect, this also does not compel the conclusion that the second absence was voluntary. It is possible that Mr. Hilliard has

- 4 -

legitimate mental health issues that caused him to be involuntarily absent in both instances, and he has met the threshold to require a full evidentiary hearing on the matter.

We thus remand this case to the trial court for an evidentiary hearing to determine whether Mr. Hilliard's absence from his trial and sentencing hearing was voluntary or involuntary. Procedurally, we reverse the judgments and sentences to facilitate this hearing and its possible appellate review. If the trial court determines that Mr. Hilliard's absence from trial was voluntary, it should enter an appropriate order denying the motion and it should reinstate the judgments and sentences. This court, upon timely notice of appeal from the reinstated judgments and sentences, will review that order. If the trial court determines that Mr. Hilliard's absence was involuntary, it should enter an appropriate order on the motion and, under the circumstances of this case as reflected in the record, enter an order granting a new trial. The order granting a new trial may be timely appealed by the State to permit review of the order on the motion. See Fla. R. App. P. 9.140(c)(1)(C).

Reversed and remanded for further proceedings in accordance with this opinion.

SLEET and LUCAS, JJ., Concur.