# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2580
Lower Tribunal No. 12-10721A
_____

**Michel Hernandez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina M. Miranda, Judge.

Clayton R. Kaeiser, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before SALTER, FERNANDEZ and LOGUE, JJ.

LOGUE, J.

The defendant appeals on the basis that his sentence was imposed in absentia. We reverse.

The defendant was charged by information with trafficking cannabis, a first degree felony, and entered into a plea agreement with the State. The trial court engaged in a plea colloquy with the defendant, accepted the plea, and entered an order ratifying the terms of the plea agreement.

In pertinent part, the plea agreement provided:

17.    If the defendant violates any of terms of this agreement or fails to appear for any meetings, interviews, depositions, hearings, grand juries and trials as required by the State of Florida, the designated investigating law enforcement agency, or the court, or fails to provide truthful and complete information and testimony at all such meetings, interviews, depositions, hearings, grand juries and trials or falsely implicates any person or entity through false information, then the parties agree that the State of Florida will not waive any applicable minimum mandatory sentence or fines and the defendant shall be sentenced to thirty (30) years in state prison.

18.    The State of Florida need only prove any violation of this agreement to the court by a preponderance of the evidence.

19.    The defendant agrees that the State of Florida is authorized to move this court, on an Ex Parte basis, to revoke the defendant's release pending sentencing for any violation of this agreement by the defendant as well as a reasonable belief that the defendant is a flight risk. Upon filing of said motion, the Court shall immediately grant the motion and revoke the defendant's release. The court shall order the defendant to be held without bond pending sentencing and issue an alias capias for the defendant's arrest.

20.    If the defendant willingly[1] fails to appear for sentencing on a date set by the court, after reasonable notice, then the parties agree

2

> that the defendant shall be sentenced in absentia to the statutory maximum allowable by law for the charged offenses which is stipulated to be thirty (30) years in the state prison and the State of Florida will not waive any applicable minimum mandatory sentences or fines.

(Emphasis added.)

After entering into the plea agreement, the defendant's case was set for several status reports with dates ranging from January 28, 2013 through and including July 10, 2014. The defendant failed to appear in court on July 10, 2014. The clerk advised the trial court that "[n]otice was sent to the defendant, but it was returned." The State argued to the court that the defendant was given oral notice to appear and, aside from failing to appear on July 10, 2014, the defendant had also been arrested for domestic violence, and both the failure to appear in court and the arrest constituted violations of the plea agreement. The State moved for issuance of an alias capias and asked that the defendant be sentenced in absentia if he was not arrested within thirty days. Defense counsel represented to the court that he had not been in contact with the defendant, but that "[the defendant] should have known that he had to be here." The trial court unsealed the plea agreement and issued the alias capias.

On August 27, 2014, a hearing was held on the State's motion to execute the provisions of the plea agreement that allow for the defendant to be sentenced in

---

[1] "Willingly" is handwritten and initialed.

3

absentia. The defense objected, arguing that the defendant had not been given notice of the sentencing hearing and, consequently, had no knowledge he had to appear. The trial court, over defense objection, granted the motion and imposed a thirty-year prison sentence. The defendant was arrested on the alias capias on September 23, 2014.

On appeal, the defendant argues that the trial court could not sentence him in absentia because he did not have proper notice and there was no determination that his failure to appear was willful. We agree and reverse.

Although the plea agreement provides that an unqualified failure to attend a court hearing will result in the imposition of a thirty-year sentence, the trial court's ability to impose a sentence in absentia is limited to situations where the defendant "willfully" fails to appear at a sentencing hearing after he has been given "proper notice." Moreover, "a defendant cannot be sentenced in absentia for a felony unless he voluntarily absented himself from the hearing." Singletary v. State, 870 So. 2d 851, 852 (Fla. 3d DCA 2003) (citing Zuluaga v. State, 793 So. 2d 60 (Fla. 4th DCA 2001)). Here, the record is unclear as to what notice the defendant had of the July 10, 2014 status report date which triggered the imposition of the thirty-year sentence. The record before us is also ambiguous, at best, as to what notice the defendant had, if any, of the August 27, 2014 sentencing hearing. The defendant was given no opportunity to explain his failure to appear at the

4

sentencing hearing so that a determination could be made as to whether the failure to appear was willful.

Accordingly, given the facts of this case, we reverse the in absentia sentence and remand for resentencing and further proceedings consistent with this opinion.

Reversed and remanded with instructions.