DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TIMOTHY R. REDMOND,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0560

_____

October 24, 2025

BY ORDER OF THE COURT:

The appellant's motion for rehearing is granted. The opinion issued on May 30, 2025, is withdrawn, and the following opinion is substituted therefor. The appellant's motion for clarification is denied as moot, and no further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL

CLERK

TIMOTHY R. REDMOND,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0560

—————————————————————

October 24, 2025

Appeal from the County Court for Pinellas County; Dorothy Vaccaro, Judge.

Blair Allen, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Allison C. Heim, Assistant Attorney General, Tampa, for Appellee.

MORRIS, Judge.

Timothy R. Redmond appeals his judgment and sentence for driving under the influence. We originally affirmed the judgment without further discussion, and upon the State's proper concession of error, we reversed Redmond's sentence based on the trial court's failure to include a probationary period of sufficient length to allow Redmond to complete a substance abuse course. *See* § 316.193(5), Fla. Stat. (2022) (providing

that a trial court shall place offenders convicted of violating that section on monthly reporting probation and require the offender to complete a substance abuse course conducted by a DUI program licensed by the Florida Department of Highway Safety and Motor Vehicles).[1] We remanded with instructions for the trial court to conduct a de novo resentencing and to include such a probationary term.

At the time Redmond filed his notice of appeal, he was still incarcerated and thus the remedy of resentencing to include a probationary term was available. However, after the issuance of this court's original opinion, Redmond filed a motion for rehearing. In his motion, Redmond notified this court that during the pendency of this appeal, he completed his 364-day jail sentence and has been released.[2]

---

[1] Redmond raised this issue in a motion to modify sentence brought pursuant to Florida Rule of Criminal Procedure 3.800(c). We have jurisdiction because Redmond filed a timely notice of appeal of his judgment and sentence after the trial court denied his motion, and this court has jurisdiction over direct appeals of judgments and sentences. *See Jackson v. State*, 144 So. 3d 658, 659 n.1 (Fla. 2d DCA 2014). Though the State argues that Redmond should have petitioned for certiorari review of the order denying his motion to modify sentence, rather than seeking relief through a direct appeal, the cases relied upon by the State are inapposite because they involved appeals solely of orders denying rule 3.800(c) motions rather than direct appeals from judgments and sentences which were initiated after the denial of such motions. Our review of other case law addressing this point reflects that orders denying rule 3.800(c) motions are not separately appealable. But because this appeal is a direct appeal from a judgment and sentence rather than a separate appeal from an order denying a rule 3.800(c) motion, we conclude that the jurisdictional statement in *Jackson* is applicable here.

[2] Redmond was convicted of a first-degree misdemeanor for which the statutory maximum sentence is a term of imprisonment not exceeding one year. *See* § 775.082(4)(a), Fla. Stat. (2022). Thus Redmond completed a statutory maximum sentence.

2

Because Redmond has already served the sentence for his conviction and has been released, the issue pertaining to Redmond's sentence is now moot, and that portion of the appeal must be dismissed. *See Raines v. State*, 14 So. 3d 244, 246 (Fla. 2d DCA 2009) ("[A]s a general rule, a sentence cannot be challenged after it has been fully served and has expired because any sentencing issue is moot thereafter."); *Casiano v. State*, 280 So. 3d 105, 106-07 (Fla. 4th DCA 2019) ("When a defendant challenges a sentence that has been served, the appeal is dismissed as moot.").

However, having found no error related to the judgment, we again affirm that portion of the appeal without further discussion.

Affirmed in part; dismissed in part.

SMITH, J., Concurs.
ATKINSON, J., Concurs in result with opinion.

ATKINSON, Judge, Concurring in result.

I concur in the result reached by the majority but write separately because the majority opinion's discussion of this court's jurisdiction is inconsistent with applicable law. The majority relies on *Jackson v. State*, 144 So. 3d 658, 659 n.1 (Fla. 2d DCA 2014), for the conclusion that this court has jurisdiction in Mr. Redmond's direct appeal to review a sentencing issue he raised "in a motion to modify sentence brought pursuant to Florida Rule of Criminal Procedure 3.800(c)." The pertinent jurisdictional analysis in *Jackson* was consistent with Florida Rule of Appellate Procedure 9.140(i), which provides that "[t]he court must review all rulings and orders appearing in the record necessary to pass on the grounds of an appeal," because a ruling on the defendant's rule 3.800(c) motion to modify sentence appeared in the record and was

3

necessary to pass on the grounds of the appeal in that case—that is, the defendant's argument that his sentence should have been reduced because his absence at sentencing was involuntary. *See Jackson*, 144 So. 3d at 659 (explaining the defendant's "understanding" that he would be sentenced to community control and probation but that the trial court sentenced him to prison after he failed to appear for sentencing). As such, the *Jackson* court's scope of review for the defendant's direct appeal of his judgment and sentence was arguably broad enough to encompass the trial court's ruling on the defendant's rule 3.800(c) motion to modify sentence.

In this case, however, Mr. Redmond has not appealed an issue that could be appropriately raised in a rule 3.800(c) motion. The language of rule 3.800(c) necessarily presumes that the defendant's sentence is "legal," which ostensibly explains why the trial court's ability to reduce or modify the sentence is discretionary. *See* Fla. R. Crim. P. 3.800(c) ("A court *may* reduce or modify . . . a *legal sentence* imposed by it . . . ." (emphasis added)). Here, the issue Mr. Redmond raises on appeal is that his sentence is *illegal.* Mr. Redmond does not argue on appeal that the trial court had discretion to reduce or modify a legal sentence. Instead, he reiterates his argument first made in the trial court that his sentence did not comply with a statutorily mandated obligation to sentence him to probation for the purpose of completing a substance abuse course. *See* § 316.193(5), Fla. Stat. (2022). In short, Mr. Redmond argues that the trial court imposed an *illegal* sentence because it omitted a required component of probation, which is a "sentencing error." *See Jackson v. State*, 983 So. 2d 562, 572–74 (Fla. 2008). And under the circumstances of this case, correction of the "sentencing error" would be governed by rule 3.800(b). *See* Fla. R. Crim P. 3.800(b) ("A motion to correct any

4

sentencing error, including an illegal sentence or incorrect jail credit, may be filed as allowed by this subdivision.").

Additionally, in the trial court, Mr. Redmond did not even advance the sentencing error that is pertinent to this appeal in his written rule 3.800(c) motion. Instead, he raised it for the first time orally at the hearing on his rule 3.800(c) motion.

So, contrary to the majority's analysis, Mr. Redmond has not sought reduction or modification under rule 3.800(c) in this appeal but rather the correction of an illegal sentence. Importantly, this sentencing error can only be reviewed on direct appeal if a defendant contemporaneously objected at the time of sentencing or filed a motion to correct sentencing error under rule 3.800(b). *See Jackson*, 983 So. 2d at 571 ("[W]e adopted rule 9.140(d), Florida Rules of Appellate Procedure (now rule 9.140(e)), requiring that sentencing errors be preserved either through a contemporaneous objection or by motion under rule 3.800(b)."). But Mr. Redmond did not object to the trial court's failure to impose probation as part of his sentence at the time of sentencing. And the motion that he filed was styled as a motion to modify sentence pursuant to rule 3.800(c), not a motion to correct sentencing error pursuant to rule 3.800(b).

However, this court can treat Mr. Redmond's argument raised in the trial court as a rule 3.800(b) motion to correct sentencing error. *See Fenter v. State*, 632 So. 2d 685, 686 n.1 (Fla. 2d DCA 1994) ("[C]ourts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so."); *Sawyer v. State*, 397 So. 3d 101 (Fla. 4th DCA 2024) (treating a "motion to correct a claimed illegal part of [a] sentence . . . as a timely-filed rule 3.800(b)(1) motion"); *cf. Richardson v. State*, 719 So. 2d 39, 40 (Fla. 2d DCA 1998)

5

("Even though Richardson styled her motion as having been brought via rule 3.850, it would be in the interest of justice to treat any claims cognizable under rule 3.800(a) as having been raised in such a motion."). Mr. Redmond brought the sentencing error to the trial court's attention during the time in which he was allowed to appeal his sentence, which was within the time permitted by rule 3.800(b)(1). *See* Fla. R. Crim. P. 3.800(b)(1) ("During the time allowed for the filing of a notice of appeal of a sentence, a defendant or the state may file a motion to correct a sentencing error."). And even though Mr. Redmond did not "*file* a motion" to correct the error, *id.* (emphasis added), the trial court addressed Mr. Redmond's ore tenus request to conform his sentence to the requirements of section 316.193(5) at the rule 3.800(c) motion hearing and expressly denied that relief in its written order denying the motion. Mr. Redmond's written rule 3.800(c) motion having been effectively amended at the hearing with tacit leave of court—albeit to add a claim not cognizable under that rule—a portion of the trial court's written order was then the functional equivalent of a denial of a rule 3.800(b) motion to correct sentencing error. *Cf. Roberts v. State*, 715 So. 2d 302, 303 (Fla. 5th DCA 1998) (reviewing the denial of the defendant's "motion to correct his sentences" and reversing his sentences after the defendant had "filed a rule 3.800 motion to modify or mitigate his sentences" but "[d]uring the hearing on his motion to modify, . . . orally moved to correct his sentences"). In other words, the trial court's order memorialized in writing a denial of a request for relief that should have been brought by filing a rule 3.800(b) motion but was instead asserted during proceedings attendant to a written rule 3.800(c) motion. Given this court's authority to treat the argument as having been asserted in the "proper" procedural vehicle, *Fenter*, 632 So. 2d at 686 n.1, Mr.

6

Redmond's claim regarding the sentencing error was preserved for this court's review on direct appeal.  As such, I agree with the majority that this court has jurisdiction to review the sentencing error but concur only in result because I disagree with the basis for jurisdiction described in the majority opinion.

_____

Opinion subject to revision prior to official publication.