GRIMES, Acting Chief Judge.
The defendant appeals from his conviction of possession of heroin. We hold that the court properly denied his motion to suppress and his motion for discharge under the speedy trial rule. However, there are two points concerning costs which must be addressed.
*1177 The court placed the defendant on probation but over objection imposed as a special condition the requirement that he pay $5,000 court costs on a reasonable monthly basis within the term of the probation. The supreme court has held that even a presently indigent defendant can be required to repay court costs as a condition of probation. State v. Byrd, 378 So.2d 1231 (Fla.1979). The problem here is that the $5,000 figure appears to have been determined without regard to actual costs or any estimate thereof. In Smith v. State, 401 So.2d 1176 (Fla. 1st DCA 1981), our sister court reversed a cost judgment which was set as an arbitrary figure. Although the condition to pay costs in this case does not appear to have been imposed under the same statute, we believe that the' figure of $5,000 suffers from the same deficiency.
We also find that the final judgment assessing the defendant $300 in attorney’s fees and costs for representation by the public defender was entered in violation of the notice and hearing requirements of section 27.56(7), Florida Statutes (1983). Drumm v. State, 432 So.2d 765 (Fla. 2d DCA 1983).
The defendant’s convictions are affirmed. We strike the condition requiring the payment of $5,000 costs and remand for a determination of actual costs. We also strike the $300 judgment for attorney’s fees and costs without prejudice to reassess these costs upon proper notice and hearing.
OTT and LEHAN, JJ., concur.