464 So.2d 700 (1985)
Porter HANKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1739.
District Court of Appeal of Florida, Second District.
March 8, 1985.
James Marion Moorman, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
In this Anders[1] appeal we find no reversible error in any of appellant's nine consolidated cases and therefore affirm all of his convictions and sentences. Nevertheless, we do find error in the assessment of costs entered against appellant in his judgments.
In two of appellant's cases, No. CF84-47 and No. CR82-156, the trial court imposed additional court costs of $1,000. These costs were apparently assessed pursuant to section 27.56, Florida Statutes (1983), and were entered without the notice and opportunity to be heard required by the statute. Furthermore, in each case the $1,000 amount appears to be set as an arbitrary figure unrelated to any estimated or actual costs incurred for appellant's defense. Accordingly, we strike each provision assessing the $1,000 payment and remand for a determination of actual costs after considering those costs allowed by law and upon due notice and hearing. Jenkins v. State, 444 So.2d 947 (Fla. 1984); Scott v. State, 459 So.2d 1176 (Fla. 2d DCA 1984); Drumm v. State, 432 So.2d 765 (Fla. 2d DCA 1983).
We also find that in each judgment appellant was ordered to pay $15 pursuant to section 960.20 (Crimes Compensation Trust Fund) and $2 pursuant to section 943.25(4) (Law Enforcement Training and Correctional Officer Training Trust Funds). Of course, these costs may properly be assessed upon due notice and hearing. Jenkins, Drumm. However, in this case, no notice was given and appellant was given no opportunity to object. Thus the trial court improperly assessed these costs, disregarding the requirements of section 27.56(7), *701 Florida Statutes (1983). Consequently, we strike that part of each judgment assessing payment of these costs and remand for a hearing in accordance with the requirements of Jenkins.
Summarizing, we strike all provisions which order payment of court costs in each of appellant's nine judgments and remand without prejudice to reassess these costs after proper notice and hearing. In all other respects the convictions and sentences are affirmed.
GRIMES, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).