NIMMONS, Judge.
This is an appeal from a conviction and sentence after jury trial on one count of burglary of a structure. Appellant con *155 tends, among other things, that the trial court erred in requiring defense counsel to select a jury in appellant’s absence. We agree and reverse.
Appellant appeared in court on Monday morning, the day on which jury selection was scheduled to begin. Jury selection in several other trials was also scheduled for that day. The court intended that the presentation of testimony would begin on Thursday of that week. After hearing several pretrial motions, but before jury selection had begun, the court recessed for lunch.
At the conclusion of the lunch recess, defense counsel received a call from a physician who stated he had just seen appellant who had been complaining of stomach pains. The doctor advised that appellant had a dangerously high blood pressure level and stated he did not feel that appellant should go through a trial at that time. Appellant did not appear in court. Defense counsel reported his conversation with the doctor to the trial judge who gave the prosecuting attorney an opportunity to call the doctor in order to confirm the conversation. The prosecutor did so.
Afterwards, the prosecutor reported to the court his conversation with the doctor which essentially confirmed what appellant’s counsel had related. However, although acknowledging the doctor’s advice against the appellant’s proceeding to trial, the prosecutor noted that the doctor did not instruct the appellant not to return to court.
In view of appellant’s apparent illness, defense counsel moved for a continuance. The court denied the motion and instructed counsel to contact appellant to tell him that the court required his immediate presence. Counsel did so and appellant told his attorney that he was feeling very ill and did not think he could make it, but would try. When appellant failed to appear, defense counsel renewed the motion for continuance which the court again denied.
Over strenuous objection, the court then required defense counsel to proceed to jury selection in appellant’s absence. A jury was selected but not sworn and was instructed to return on Thursday.
On Thursday, appellant appeared, stating that he had just been released from the hospital. Defense counsel moved for a mistrial which was denied. The trial judge expressly ruled that appellant had voluntarily waived his right to be present during jury selection. In this, the court erred.
The defendant has a right to be present at all critical stages of his trial including jury selection. We recognize that there are circumstances which justify a court’s completion of a trial in the defendant’s absence where the defendant has absented himself after the trial’s commencement. See State v. Melendez, 244 So.2d 137 (Fla.1971). In such a case, the burden is on the defendant, after his apprehension or appearance, to establish that his absence was not voluntary. Mulvey v. State, 41 So.2d 156 (Fla.1949).
Although there may be circumstances which would justify the trial court’s commencement of a trial in the defendant’s absence — such as where there is a joint trial involving multiple defendants— such justifying circumstances are conspicuously absent in the instant case. Indeed, in this case, the uncontroverted indications before the trial court suggested a legitimate reason for the appellant’s absence due to illness.
While we appreciate the frustration of a trial judge who may sense that a defendant is “playing games” with the court, the trial court’s only indication in the present case was that appellant was ill. The state presented nothing to indicate otherwise. In any event, if the court had reason to believe that appellant’s absence was voluntary, the proper remedy would have been to issue a capias or bench warrant and secure appellant’s attendance. Thereafter, the court, depending upon the results of further inquiry, might have been justified in revoking the appellant’s bond and remanding him to jail to await trial. He may also be prosecuted for failure to appear, a felony under Section 843.15(1)(a), Florida *156 Statutes, if the state could prove, contrary to the above indications that were before the trial judge, that the appellant’s absence was willful.
Because of our holding on this issue, we need not determine appellant’s other points.
REVERSED and REMANDED for a,new trial.
WENTWORTH and WIGGINTON, JJ., concur.