ORFINGER, M., Senior Judge.
In this appeal from a judgment of conviction on charges of aggravated stalking, arson, burglary, grand theft and trespass, and a sentence thereon as an habitual offender, appellant contends that the trial court erred in not properly conducting a hearing on appellant’s competency prior to sentencing. On appellant’s motion, the court appointed two doctors to examine appellant. One doctor had to hit the panic button when appellant refused to let him leave the holding cell where an interview was unsuccessfully attempted, and the other doctor could not perform the examination because appellant refused a formal interview even though his attorney was present. Although unable to perform a complete psychiatric examination, the last mentioned doctor filed a report indicating appellant appeared to be fairly well organized, argued with his attorney but not in a threatening manner to either the attorney or the doctor, and showed no signs of hallucinations or delusional thought.
The trial court proceeded to sentencing, stating on the record that the defendant had been manipulating the court from the very beginning of the proceedings; that he was very bright and a “con man”; that she had observed him through all his court appearances and had watched him put on “quite a show”; that he had stalled the trial and was now attempting to stall the sentencing. She concluded that based on her own observations, appellant had voluntarily absented himself from the sentencing hearing and he was competent to be sentenced.
We find no abuse of discretion by the trial judge in sentencing appellant in absentia. The court followed the requirements of Florida Rules of Criminal Procedure 3.210 and 3.211, and cannot be faulted for refusing to permit the appellant to thwart or impede the judicial process through his own misconduct. See Capuzzo v. State, 596 So.2d 438 (Fla.1992).
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.