932 So.2d 493 (2006)
Michael WALLEN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D05-1185, 4D05-1186.
District Court of Appeal of Florida, Fourth District.
June 14, 2006.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Michael Wallen entered no contest pleas to charges of purchase of cocaine and violation of probation and, following his failure to appear, was sentenced in absentia. Wallen seeks reversal of the sentence imposed, arguing he should not have been sentenced in absentia as he was not voluntarily absent from the proceedings, pointing to his counsel's representations, prior to the imposition of sentence, that Wallen had been arrested and was in custody in Ohio. See Fla. R.Crim. P. 3.180(a)(9) (providing defendant shall be present for imposition of sentence) and (c) (authorizing judge to proceed with trial if defendant voluntarily absents himself); Capuzzo v. State, 596 So.2d 438, 440 (Fla. 1992) (applying rule 3.180(c) to defendant's absence post-verdict and holding "defendants who voluntarily fail to attend their scheduled sentencing hearings may be sentenced in absentia"). Wallen bore the burden of presenting evidence that his absence was involuntary, see Godwin v. State, 501 So.2d 154, 155 (Fla. 1st DCA 1987), and counsel's unsworn representations were not evidence, see Faircloth v. Bliss, 917 So.2d 1005, 1006-07 (Fla. 4th DCA 2006), and Brown v. School Board of Palm Beach County, 855 So.2d 1267 (Fla. 4th DCA 2003). We, therefore, affirm.
STEVENSON, C.J., SHAHOOD and MAY, JJ., concur.