957 So.2d 97 (2007)
Ben T. HAYES, II, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3486.
District Court of Appeal of Florida, Second District.
May 16, 2007.
James Marion Moorman, Public Defender, and Robert F. Moeller, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Convicted of burgling a dwelling, Ben T. Hayes, II, appeals his habitual offender and prison releasee reoffender sentence. He also complains of the imposition of a judgment lien for attorney's fees. We affirm the sentences. See Griffin v. State, 946 So.2d 610, 613 (Fla. 2d DCA 2007) (requiring defendant to make contemporaneous objection to preserve apparent errors during sentencing and limiting Fla. R.Crim. P. 3.800(b)(2) motions to "errors to which the defendant had no meaningful opportunity to object and matters that rendered the sentence otherwise subject to review under rule 3.800(a)").
Turning to the other issue, the court announced the imposition and amount of the judgment lien, but it failed to inform Hayes that he had the right to a hearing to contest the amount. See Fla. R.Crim. P. 3.720(d)(1) (requiring court to give notice at sentencing of defendant's right to hearing to contest amount of attorney's fee lien). Accordingly, we reverse the judgment lien. See Miller v. State, 912 So.2d 1282 (Fla. 2d DCA 2005). On remand, if Hayes files a written objection to the amount within thirty days after the issuance of our mandate, the court shall hold a hearing. If Hayes fails to timely file a written objection, the court may reimpose the lien for attorney's fees without a hearing.
Convictions and sentences affirmed; judgment lien for attorney's fees reversed; remanded.
LaROSE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.