SAWAYA, J.
R.R. appeals the order establishing $1000 as the amount of the public defender lien for legal services rendered.[1] The court established that amount in accordance with section 27.5304(3), Florida Statutes, which sets $1000 as the maximum fee for court-appointed counsel in juvenile cases. R.R. contends, and we think rightly so, that because no inquiry was made as to the attorney’s hourly rate or amount of time spent on the case, the lien is improper.
The Legislature has bestowed upon the courts the responsibility to determine the value of services rendered by a public defender to a criminal defendant. See § 938.29(l)(a), Fla. Stat. (2007) (“A defendant determined to be guilty of a criminal act ... and who has received the assistance of the public defender’s office, a special assistant public defender, or a conflict attorney shall be liable for payment of attorney’s fees and costs. The court shall determine the amount of the obligation.”); § 938.29(5), Fla. Stat. (2007) (“The court having jurisdiction of the defendant-recipient shall ... determine the value of the services of the public defender.... ”). The amount of the obligation cannot be based on an arbitrary figure; rather, it must be supported by an adequate factual basis. See Rivers v. State, 677 So.2d 53 (Fla. 1st DCA 1996); Swift v. State, 638 So.2d 193, 193 (Fla. 5th DCA 1994) (“It appears that, in part, the lower court’s cost assessments and public defender’s lien were imposed without following proper procedure or without adequate factual or legal basis shown in the record. Accordingly, we affirm the conviction but are forced to vacate the sentence and remand to the lower court to properly assess costs and fees.”); see also Q.E.L. v. State, 700 So.2d 86 (Fla. 2d DCA 1997); Hankerson v. State, 464 So.2d 700 (Fla. 2d DCA 1985). This generally requires that the amount of the lien be established by applying a reasonable hourly rate to the time the attorney spent on the case. Gonse v. State, 713 So.2d 1114, 1115 (Fla. 2d DCA 1998) (“The trial court improperly imposed a $1,000 public defender lien without any indication of defense counsel’s hourly rate or time spent on the case.”); Gilchrist v. State, 674 So.2d 847, 848 (Fla. 2d DCA 1996) (“[T]he record contains no basis for the $1,000 fee — nothing reveals the hourly rate or time spent on the ease.”). Otherwise, the amount of the lien is arbitrary and the order must be reversed and remanded for a new disposition hearing.
In this ease, there was no evidence introduced to establish a reasonable hourly rate or the time spent on the case by *559 R.R.’s public defender. Accordingly, the public defender lien is stricken and the cause is remanded for an appropriate hearing at which the trial court can properly determine the amount. See Fleming v. State, 674 So.2d 795 (Fla. 5th DCA 1996); P.J. v. State, 670 So.2d 196 (Fla. 5th DCA 1996); Swift.
LIEN STRICKEN; REMANDED.
GRIFFIN and TORPY, JJ., concur.

. The trial court initially imposed a lien in the amount of $2,500. R.R. subsequently filed a motion to correct the amount, arguing the trial court simply awarded a flat fee without inquiring whether the amount represented the actual value of the services rendered by the public defender. The court granted that motion and, without considering any evidence to establish the reasonable hourly rate or the amount of time spent on the case, reduced the lien to $1,000 in accordance with section 27.5304(3), Florida Statutes, which sets the maximum fee for court-appointed counsel in juvenile cases.