WALLACE, Judge.
 

 In this Anders
 
 [1]
 
 appeal, John Hayes, a/k/a John David Hayes, appeals his judgments and sentences for possession of cocaine with intent to sell or deliver, possession of a controlled substance, and possession of drug paraphernalia. Mr. Hayes pleaded guilty to the charges, without reserving the right to appeal the circuit court’s denial of his motion to suppress. With the exception of certain costs that were improperly imposed, we affirm Mr. Hayes’ judgments and sentences.
 

 Mr. Hayes filed a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(b)(2). The motion is deemed denied because the circuit court did not file an order ruling on the motion within sixty days. Fla. R.Crim. P. 3.800(b)(2)(B). In his motion, Mr. Hayes alleged that the circuit court committed two errors.
 

 First, Mr. Hayes asserted that the circuit court improperly imposed investigative costs because no appropriate documentation of the costs imposed was provided. Section 938.27(1), Florida Statutes (2007), provides that “convicted persons are liable for payment of the
 
 documented
 
 costs of prosecution, including investigative costs incurred by law enforcement agencies.” (Emphasis added.) The record on appeal does not reflect any documentation from the investigating agency, and the State does not claim otherwise.
 

 Second, Mr. Hayes alleged that the circuit court erred by imposing a public defender lien without giving him notice of his right to a hearing on the amount of the lien. Florida Rule of Criminal Procedure 3.720(d)(1) requires that the defendant be informed of his or her “right to a hearing to contest the amount of the lien ... at the time of sentence.”
 
 See also Hayes v. State,
 
 957 So.2d 97, 97 (Fla. 2d DCA 2007). The record does not reflect that the circuit
 
 *685
 
 court informed Mr. Hayes of his right to a hearing to contest the amount of the lien.
 

 Because the circuit court improperly imposed the investigative costs and the public defender lien, we reverse the portion of the sentences imposing the investigative costs and the public defender lien and remand for further proceedings.
 
 See id.
 
 (remanding to allow the defendant to object to the amount of the public defender lien);
 
 Diaz v. State,
 
 901 So.2d 310, 311 (Fla. 2d DCA 2005) (“remand[ing] for the trial court to either strike the [investigative] costs or reimpose the costs if the statutory requirements are met”). In all other respects, Mr. Hayes’ judgments and sentences are affirmed.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 SILBERMAN and KELLY, JJ., Concur.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).