PER CURIAM.
 

 We affirm the trial court’s permanent revocation of appellant’s driving privileges. Appellant was convicted of one count of driving under the influence of drugs or alcohol and causing serious bodily injury under section 316.193(3)(c)2., Florida Statutes (2008). Pursuant to section 322.28(4)(a), the trial court shall revoke the driving privileges of a person convicted under section 316.193(3)(c)2. “for a
 
 *823
 
 minimum period of 3 years.” This section permits the trial court to revoke a defendant’s driving privileges permanently.
 
 Stoletz v. State,
 
 875 So.2d 572 (Fla.2004). The trial court, however, revoked appellant’s driving privileges pursuant to section 316.655(2), not section 322.28(4)(a). Section 316.655(2) may not be used to revoke driving privileges for a DUI conviction.
 
 Stoletz,
 
 875 So.2d at 575-76. Nevertheless, while the trial court cited the incorrect statute, the trial court’s order revoking appellant’s driving privileges was a sound exercise of its discretion under section 322.28(4)(a), and we affirm.
 

 By contrast, we reverse the trial court’s imposition of a lien for public defender fees. The trial court was obligated to assess appellant at least $100 in fees and costs because she was convicted of a felony. § 938.29(l)(a), Fla. Stat. A trial court may assess more than $100 in fees, but the court must make factual findings of “higher fees or costs incurred.”
 
 Id.
 
 Here, the trial court assessed $500 in fees and costs against appellant without considering any evidence to establish a reasonable hourly rate or the amount of time spent by the public defender on the case. The trial court also failed to inform appellant of her right to contest this assessment. We find the $500 assessment to be arbitrary, and we strike the assessment of public defender fees without prejudice and remand for an evidentiary hearing.
 
 See R.R. v. State,
 
 956 So.2d 557, 558 (Fla. 5th DCA 2007). On remand, the trial court must advise appellant of her right to contest any lien imposed for public defender fees. Fla. R.Crim. P. 3.720(d)(1);
 
 Hayes v. State,
 
 25 So.3d 683, 684-85 (Fla. 2d DCA 2010).
 

 We also reverse the trial court’s imposition of two optional $500 fines under section 775.0835 for causing injury to another. Section 775.0835(1) requires the court to find “that the defendant has the present ability to pay the fine.” The trial court made no such finding, so the imposition of these fines was error.
 
 Meekins v. State,
 
 492 So.2d 484 (Fla. 4th DCA 1986). Therefore, we strike these fines without prejudice and remand for an evidentiary hearing.
 

 Finally, we are compelled to reverse the $135 “DUI assessment.” The court does not cite any statutory basis for this fee. “Absent statutory authority, courts do not have the power to assess costs against a defendant upon conviction.”
 
 Lee v. State,
 
 785 So.2d 603, 605 (Fla. 4th DCA 2001). The State concedes error on this point. Accordingly, we strike the $135 DUI assessment without prejudice and remand to permit the trial court to reimpose this fee with a proper statutory basis.
 

 We affirm the trial court’s assessment of the costs of prosecution and investigation under section 938.27(1).
 

 Affirmed in part; reversed in part; remanded.
 

 TAYLOR, GERBER and LEVINE, JJ., concur.