TAYLOR, J.
We affirm appellant’s convictions for three counts of grand theft and one count of making a false entry into corporate books, because the trial judge did not abuse his discretion in excluding the testimony of a defense witness in the trial of this case. We write, however, to comment upon remarks the trial judge made to defense counsel during his cross-examination of state witnesses.
Appellant complains that the trial court’s comments to defense counsel during his cross-examination of the state’s witnesses improperly abridged her constitutional right of confrontation/cross-examination and amounted to fundamental error. We disagree. The record shows that defense counsel was able to conduct a vigorous and thorough cross-examination of the witnesses in spite of the trial court’s unsolicited intervention and comments during cross-examination.[1]
We do not repeat these remarks, because we do not wish to memorialize them in this opinion. However, we do not condone them. In our view, the trial court’s remarks to defense counsel during his cross-examination were undignified and inappropriate. See Fla. Code of Jud. Conduct, Canon 3B(4) (2012) (“A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity-”). As the Michigan Supreme Court explained:
Pert remarks and quips from the bench have no place in the trial of a criminal case, do not comport with judicial dignity and the injurious effect of such, though thoughtlessly uttered, may prove exceedingly damaging to the party entitled to a fair trial.
The accused had a right to be represented by an attorney and have the attorney treated with the consideration due such an officer of the court and belittling observations aimed at the attorney are, necessarily, injurious to the one he represents.
People v. Neal, 290 Mich. 123, 287 N.W. 403, 405-06 (1939).
We find no error in the trial court’s imposing the “crime-prevention cost,” pursuant to section 775.083(2), Florida Statutes (2010), without also imposing a fine. The crime prevention cost is mandatory and must be imposed regardless of whether or not the defendant was required to pay fines under a separate statutory basis. See Bryant v. State, 47 So.3d 952, 953 (Fla. 2d DCA 2010).
We also find no error in the trial court’s failure to refer to the specific statutory authority for imposing costs in the written order. See Johnson v. State, 944 So.2d 474, 477 (Fla. 4th DCA 2006) (holding that the trial court could impose statutorily mandated court costs on defendant without *1020 referring to the statutory authority for their imposition). We distinguish Houle v. State, 33 So.3d 822, 823 (Fla. 4th DCA 2010), cited by appellant, because, unlike here, in Houle there was no statutory authority for the fee imposed by the trial court.

Affirmed.

MAY and GERBER, JJ., concur.

. The comments complained of were made outside the presence of the jury.