DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRITZ GERALD PIERRE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1198

[February 13, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 16005307CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Melynda Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Fritz Gerald Pierre appeals his conviction and sentence for refusal to submit to testing under section 316.1932(1)(a)(1)(a), Florida Statutes (2016), driving with a suspended license, and reckless driving. He claims the trial court erred by denying his motion to suppress and imposing an excessive public defender lien. We affirm as to the first issue without comment; however, we find merit in appellant's second claim, and hereby reverse.

At the plea hearing, appellant entered a no-contest plea. Consequently, the trial court adjudicated him guilty, sentenced him to time served, and announced a "mandatory" $200 public defender lien. The court asked a series of questions to ensure that appellant understood the terms of his sentence, but failed to inform him of his right to a hearing to contest the lien under section 938.29(1)(a), Florida Statutes (2018).

This section, regarding liens for the payment of attorney's fees or costs, provides that:

> A defendant who is convicted of a criminal act . . . and who has received assistance of the public defender's office . . . shall be liable for payment of . . . attorney's fees and costs. Attorney's fees and costs shall be set in all cases at . . . no less than $100 per case when a felony offense is charged . . . . *The court may set a higher amount upon a showing of sufficient proof of higher fees or costs incurred.*

§ 938.29(1)(a) (alterations and emphasis added); *accord Houle v. State*, 33 So. 3d 822, 823 (Fla. 4th DCA 2010). At sentencing, a trial court must announce the amount of the lien, as well as "the accused's right to a hearing to contest the amount of the lien . . . ." Fla. R. Crim. P. 3.720(d)(1).

Here, section 938.29(1)(a) required the trial court to assess appellant at least $100 in attorney's fees and costs because he was charged with felony DUI. Although the court described this fee as "mandatory" during the plea colloquy, the trial court exercised discretion by assessing a $200 public defender lien against appellant yet failed to consider any evidence establishing a reasonable hourly rate or the amount of time spent by the public defender on the case to support an amount exceeding the statutory minimum. *See Alexis v. State*, 211 So. 3d 81, 83 (Fla. 4th DCA 2017). Furthermore, the trial court failed to inform appellant of his statutory right to contest the lien. *See* Fla. R. Crim. P. 3.720(d)(1); *Alexis*, 211 So. 3d at 83; *accord Hayes v. State*, 25 So. 3d 683, 684-85 (Fla. 2d DCA 2010).

Therefore, we reverse the imposition of the public defender lien and remand to the trial court to either reduce the amount to the statutorily required $100 or hold a hearing with proper notice to obtain evidence in support of a lien in an amount greater than the statutory minimum.

*Reversed and remanded with instructions.*

CONNER and KUNTZ, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

2