DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANNY MARK REYNOLDS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3207

[March 24, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 14-014253 CF10A.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

The appellant defendant failed to appear at his sentencing hearing because he was in the emergency room. The court continued with sentencing, concluding that Florida Rule of Criminal Procedure 3.180(c)(2) (2019) allows the court to sentence a defendant in absentia even where the absence is involuntary. We conclude that the rule applies only to voluntary absences, and where the defendant's absence is involuntary, sentencing in absentia violates the defendant's Sixth Amendment rights. Therefore, we reverse and remand for resentencing.

Appellant was charged with sixty-five felony counts involving racketeering, grand theft, securities fraud, and other charges. Appellant originally entered a plea of not guilty but changed his plea to guilty in a plea agreement in 2016. As part of the plea agreement, appellant agreed to cooperate in the prosecution of his co-defendants. The agreement set forth appellant's potential punishment exposure for his crimes. His adjudication and sentence would be deferred until after the trials of his co-defendants and, per the agreement, he agreed to a sentence of eight-to-

twelve years in prison followed by ten years of reporting probation with special conditions, including restitution in the amount of $1,169,935.49 to victims.

In October 2019, sentencing proceeded. At the start of the sentencing hearing, defense counsel advised the court that appellant had texted her that morning at 4:00 a.m. saying that he was in the emergency room. She relayed that she had last spoken with appellant twenty minutes prior to the hearing, and she verified that he was at the hospital. The State agreed that defense counsel had verified that appellant was still at the hospital "[n]ot even an hour" ago.

The prosecutor objected to a continuation and advised the court to sentence appellant in absentia. While defense counsel had shown the prosecutor pictures showing the emergency room admission forms and stated that the defendant suffers from high blood pressure, the prosecutor argued that the timing was suspicious and "[appellant] has claimed heart issues in the past to get out of having to do things[.]" The court interjected the concern that defendants might report to the emergency room simply to get out of sentencing.

After a recess, the court noted that defense counsel had spoken with a nurse in appellant's hospital room and conveyed that appellant was "suffering an illness" and "he cannot be here." Defense counsel then argued that because appellant was involuntarily absent, the court could not proceed. Counsel acknowledged that Florida Rule of Criminal Procedure 3.180(c)(2), which deals with sentencing when the defendant is absent, does not distinguish between voluntary and involuntary absences. However, she argued that appellant had a Sixth Amendment right to be present at a critical stage of the proceedings that could not be considered waived by an involuntary absence. Based on the defense counsel's representations, the court stated, "to me that qualifies as he involuntarily absented himself."

Nevertheless, the court decided to move forward with sentencing. The prosecutor agreed that appellant had cooperated and provided truthful statements, thus complying with his plea agreement. However, the State also noted the extent of the fraud committed and how it affected some victims with whom the appellant ingratiated himself in order to steal from the victims. Therefore, the prosecutor recommended a sentence of ten years, which was in the middle of the agreed range. Defense counsel argued that appellant's contribution was more substantial, and the State's recommendation was also not reflective of the victims' wishes, thus seeking a lesser sentence. The court then sentenced appellant to twelve

years in prison with credit for time served and ten years of probation. This appeal follows.

"One of the most basic tenets of Florida law is the requirement that all proceedings affecting life, liberty, or property must be conducted according to due process, which includes a reasonable opportunity to be heard." *Dunbar v. State*, 89 So. 3d 901, 907 (Fla. 2012) (quoting *Jackson v. State*, 767 So. 2d 1156, 1159 (Fla. 2000)). "Among a criminal defendant's most basic constitutional rights is the right rooted in the Confrontation Clause of the Sixth Amendment to be present at every critical stage of a criminal proceeding." *Blair v. State*, 25 So. 3d 46, 47 (Fla. 5th DCA 2009); *see also Dunbar*, 89 So. 3d at 907. Sentencing is considered a critical stage of a criminal proceeding. *See Jackson v. State*, 983 So. 2d 562, 575 (Fla. 2008).

Defendants may, however, waive their right to be present at a crucial stage of a criminal proceeding, including sentencing. "[D]efendants who *voluntarily* fail to attend their scheduled sentencing hearings may be sentenced in absentia." *Capuzzo v. State*, 596 So. 2d 438, 440 (Fla. 1992) (emphasis added).

In *Capuzzo*, a defendant voluntarily absented himself from the sentencing proceeding. *Id.* at 439. The court sentenced him in absentia, and the Fifth District affirmed, concluding his voluntary absence constituted a waiver of his right to be present at sentencing. *Id.* at 440. The supreme court agreed, finding "no reason to distinguish between a defendant's presence at sentencing and his or her presence at other crucial stages of the trial that occur prior to the return of the verdict." *Id.* At the time, rule 3.180 provided for conducting a trial in absentia where the defendant was voluntarily absent from trial.[1] It did not include absence at sentencing.

---

[1] Former Rule 3.180(b) provided:

> (b) Defendant Absenting Himself. If the defendant is present at the beginning of the trial and shall thereafter, *during the progress of said trial or before the verdict of the jury shall have been returned into court,* voluntarily absent himself from the presence of the court without leave of court, or is removed from the presence of the court because of his disruptive conduct during the trial, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.

The rule was amended in 2006[2] to include rule 3.180(c)(2), the provision for sentencing in absentia:

> (2) Sentencing. If the defendant is present at the beginning of the trial and thereafter absents himself or herself as described in subdivision (1), or if the defendant enters a plea of guilty or no contest and thereafter absents himself or herself from sentencing, the sentencing may proceed in all respects as though the defendant were present at all times.

A committee note shows that the amendment was intended to incorporate *Capuzzo*'s holding in the rule:

> Rule 3.180(c), Defendant Absenting Self, is amended by adding new subdivision (2), Sentencing, which allows a court under certain circumstances to proceed with sentencing when a defendant absents himself or herself from the courtroom. The Committee proposed the amendment in response to *Capuzzo v. State*, 596 So. 2d 438, 439–40 (Fla. 1992) (explaining that whereas "[r]ule 3.180 codifies the well-established principle that defendants may *voluntarily* waive their right to be present during crucial stages of the trial that occur prior to verdict," the rule "stops short of guidance regarding waiver by absence *after* the return of the verdict"). The present amendment addresses the issue presented by *Capuzzo*.

*In re Amendments to the Fla. Rules of Criminal Procedure (Three Year Cycle)*, 942 So. 2d 407, 408 (Fla. 2006) (first emphasis supplied). Thus, because the amendment to the rule was intended to incorporate *Capuzzo*'s holding, it applies to voluntary absences, not involuntary absences.

That the rule amendment applies to voluntary and not involuntary absences is confirmed by the language of the rule itself. It deals with a defendant who "absents himself or herself," using "absent" as a verb. Merriam-Webster Dictionary defines the verb "absent" as "to keep (oneself) away" and gives as an example "[h]e *absented* himself from the meeting." *Merriam-Webster Dictionary*, https://www.merriam-webster.com/

---

*Capuzzo v. State*, 596 So. 2d 438, 439 (Fla. 1992) (quoting Fla. R. Crim P. 3.180(b) (1992)).

[2] Effective January 1, 2007.

4

dictionary/absent (last visited Feb. 9, 2021). More importantly, the rule applies when the defendant absents himself or herself "as described in subdivision (1)." Subsection 3.180(c)(1) applies only to a defendant *voluntarily* absenting himself or herself. Therefore, Florida Rule of Criminal Procedure 3.180(c)(2) also applies only to voluntary absences.

The State cites *Moody v. State*, 713 So. 2d 1050 (Fla. 5th DCA 1998), in support of the trial court's exercise of discretion in sentencing appellant in absentia. In *Moody*, the defendant filed a motion to determine competency prior to sentencing. *Id.* at 1050. Two doctors attempted to interview the defendant, but he thwarted their efforts, although one filed a report indicating that the defendant did not show any signs of delusion. *Id.* The trial judge proceeded to sentencing, stating that based on her observations the defendant was being manipulative and had voluntarily absented himself from the sentencing hearing. *Id.* The appellate court found no abuse of discretion in sentencing the defendant in absentia because the court could not be faulted "for refusing to permit the appellant to thwart or impede the judicial process through his own misconduct." *Id.*

Unlike the trial court in *Moody*, the trial court in this case specifically accepted the defense representation that appellant was legitimately in the emergency room with an illness, which qualified as an involuntary absence. Thus, in this case, the court sentenced a defendant who it found was involuntarily absent, unlike the trial court in *Moody* that sentenced a defendant whom it found was voluntarily absent.

In *Wallen v. State*, 932 So. 2d 493 (Fla. 4th DCA 2006), a defendant sought reversal of his sentence because the court erred in sentencing him while he was involuntarily absent due to an arrest in another state. *Id.* at 493. We affirmed on the basis that the defendant did not prove his absence was voluntary, of which he bore the burden. *Id.* Similarly, the court in *Jackson v. State*, 144 So. 3d 658 (Fla. 2d DCA 2014) applied *Wallen* to require the defendant to prove that his absence from sentencing was *involuntary*. *Id.* at 659. The court noted, however, that a defendant has a right to be present at sentencing unless he or she is *voluntarily* absent from the hearing. *Id.*

A defense counsel's representations may be sufficient to show involuntariness, absent any counter proof by the State. In *Miller v. State*, 833 So. 2d 318 (Fla. 2d DCA 2003), defense counsel apprised the court that the defendant was bedridden and awaiting surgery at a hospital, thus unable to attend a restitution hearing, yet the trial court proceeded with the hearing. *Id.* at 319. The Second District determined that the trial court erred when it conducted a restitution hearing in the absence of the

defendant without a showing that her absence was voluntary. *Id.* It remanded for a new sentencing hearing and not merely a hearing on voluntariness as in *Jackson*. *Id.*; *Jackson*, 144 So. 3d at 660.

The appellant here was entitled to be present at his sentencing, and his absence was involuntary. The trial court accepted the involuntariness of his absence, based upon defense counsel's presentation. We therefore reverse the sentence, but we need not remand for a determination of the voluntariness of the absence, as we would have done had the trial court not already made that determination.

As resentencing will occur, we address the cost issues raised, concluding that all the costs were mandatory and thus the court did not err in assessing them. *See Waller v. State*, 911 So. 2d 226, 228 n.2 (Fla. 2d DCA 2005); *Caldwell v. State*, 125 So. 3d 1018, 1019 (Fla. 4th DCA 2013); *Talbot v. State*, 159 So. 3d 365 n.1 (Fla. 1st DCA 2015).

For the foregoing reasons, we reverse and remand for a new sentencing hearing.

CONNER, J., concurs.
FORST, J., concurs in part and dissents in part with opinion.

FORST, J., concurring in part and dissenting in part.

I concur in the decision to reverse and remand for resentencing. I respectfully disagree with the majority's failure to order remand to a different judge for resentencing. In his initial brief, Appellant requested resentencing before a different judge, arguing that the skepticism expressed by the trial court regarding Appellant's absence, "coupled with the maximum sentence imposed by the court[,] could create at least 'the appearance of prejudgment[.]'" (quoting *Betty v. State*, 233 So. 3d 1149, 1153 (Fla. 4th DCA 2017)). *The State's Answer Brief did not oppose this request.*

Here, the trial court sentenced Appellant without providing him an opportunity to allocute, despite the trial court's knowledge that Appellant was in a hospital emergency room complaining of high blood pressure. Based on the availability of counsel and the trial court, defense counsel sought to reschedule resentencing to the following week. However, the trial court ordered resentencing go forward without Appellant, even though the State acknowledged a short postponement would not prejudice it, as neither party intended to present witnesses at sentencing other than Appellant.

6

Both prosecution and defense counsel referenced Appellant's substantial assistance in prosecuting his co-defendants. The State requested a sentence of ten years; the defense requested eight years. The trial court, without any explanation, sentenced Appellant to twelve years.

In his request for resentencing before a different judge, Appellant references two Florida appellate decisions. Neither are fully on point, but our opinion in *Betty* is somewhat supportive of Appellant's request. There, the trial court made a sentencing ruling "before considering the evidence and arguments to be presented on the issue," creating "the appearance of prejudgment" and thus necessitating sentencing by a different judge. *Betty*, 233 So. 3d at 1153. Here, due to Appellant's involuntary absence from the sentencing hearing, the trial court made a significant ruling (contrary to the requests of both parties), without affording Appellant the opportunity to allocute or otherwise present evidence regarding the sentence.

This court has remanded resentencing to a different judge in cases where the court considered "impermissible factors in sentencing." *See generally Lacey v. State*, No. 4D20-0202, 2021 WL 718125 (Fla. 4th DCA Feb. 24, 2021), and cases cited therein. Under the circumstances set forth above, including the State's failure to oppose Appellant's request, I believe it is as important here to remand for resentencing before a different judge as it is in the "impermissible factors in sentencing" cases cited in *Lacey*, "to preclude any perception on [the appellant's] part that the resentencing may not be conducted in a completely fair and impartial manner." *Id.* at *3 (quoting *Schwartzberg v. State*, 215 So. 3d 611, 616 (Fla. 4th DCA 2017)). Consequently, I respectfully dissent from the majority opinion's failure to order resentencing before a different judge. I otherwise fully concur in the opinion.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***